UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL J. DOMINGUE | CIVIL ACTION NO. 6:10-cv-00921 |
| VERSUS | JUDGE HANNA |
| CHEVRON U.S.A., INC. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Before the court is Part 6 of plaintiff's motion in limine (Rec. Doc. 96) to exclude any reference to unrelated injuries, medical conditions, accidents, claims and/or litigation involving plaintiff. This Court previously deferred ruling on this aspect of the motion to allow additional briefing/argument. After receipt of additional briefing and argument from both sides, for the reasons stated on the record and as set forth herein, the motion is granted in part and denied in part as follows:

1. Evidence of plaintiff's Worker's Compensation lawsuit against his employer and associated lawsuit against the employer's vocational rehabilitation counselor- Chevron Exhibits 33-34.

The plaintiff executed an affidavit in conjunction with a joint petition for settlement application in which it is averred that he is either totally and permanently disabled, or alternatively, he is permanently partially disabled. The Court denies the

-1-

plaintiff's motion to the extent these documents, as statements by the plaintiff himself, are relevant to the issues of earning capacity, and based on the representations of Chevron, may have impeachment value depending on what is adduced at trial. The Court finds the probative value of these two documents is not outweighed by any potential prejudice. The motion is granted pursuant to F.R.E. 403 with regard to those portions of Chevron Exhibit 33 that contain the petition, attorney statement and judgment. The motion is also granted on the same grounds as it pertains to Chevron Exhibit 34, the associated suit against Stanford McNabb.

2. Plaintiff's vessel accident and medical treatment - Chevron Exhibit 31

Chevron's Exhibit 31 contains medical records of Dr. Blanda, the plaintiff's treating physician who performed low back surgery on the plaintiff in 1987, and who treated the plaintiff for back injuries received in a vessel accident in 2005. The plaintiff objects that these involve different parts of the plaintiff's anatomy, and therefore, are not relevant. In addition, the plaintiff argues Chevron is attempting to show the plaintiff as a "serial litigant." Chevron argues that the records are relevant to attack the plaintiff's credibility based on representations concerning job restrictions made by Dr. Blanda, to show that Mr. Domingue was not fit for the job that he was

performing at the time of the accident in contravention of Chevron's requirements of independent contractors, and that Domingue does have a litigation history.

Both parties cite *Reed v. Tokio Marine*, 2010 WL 2560487 (W.D. La. June 24, 2010) in support of their positions.[1] That case, and the authorities cited therein, suggest that evidence of prior claims or injuries *may* be admissible under F.R.E. 402/403 if there are similar injuries (not present here), or where there is evidence of fraud or deceit.

This Court finds there is no substantive relevance of the 2005 accident, injury or claim. While in the employ of his current employer, The Wood Group, the plaintiff was a passenger on a vessel that struck a platform causing him to allegedly injure his back. He had a short period of conservative care and was released by Dr. Blanda to return to work. The release contains some ambiguity as to whether the plaintiff was actually permantly restricted from certain duties or whether he was released to his "regular work" which is described differently from the work he was performing at the time of the accident.

Aside from letters from counsel requesting records and a reference to worker's compensation funding the treatment, there is nothing in the records to suggest

---

[1] In this OCSLA case, while Louisiana law may provide the substantive law to the merits of the case, the admissibility of evidence is governed by federal law. F.R.E. 1101(b).

anything regarding the specifics of any legal claims. To the extent there are "multiple claims," these two were nearly twenty years apart and there is no evidence thus far that the claim in *this* case is fraudulent. The evidence is not probative to show a chronic personal injury claimant.

In 2007 and 2008, i.e. two years after the treatment by Dr. Blanda, the plaintiff underwent functional capacity evaluations for the job he was performing at the time of the accident. It was accurately described in the FCE. The employer knew of the prior incident and treatment. Therefore, the evidence does not appear to be probative from a substantive standpoint that the plaintiff was not fit for the job duties he was performing. However, this Court is not prepared to completely exclude the evidence in a vacuum as it may have some impeachment value depending upon what evidence is adduced at trial.

Therefore, this Court finds the evidence has no relevance from a substantive standpoint and may not be admitted for that purpose. However, the records of Dr. Blanda, without any of the correspondence from various legal counsel, may be used for impeachment purposes, subject to contemporaneous objection from plaintiff's counsel, if the evidence adduced at trial warrants it.

Accordingly, the Court grants the plaintiff's motion and excludes Chevron Exhibit 31 as it pertains to its admissibility for substantive purposes, but denies the

motion to the extent the records *may* be shown to have some impeachment value at the time of trial.

## CONCLUSION

For the foregoing reasons, the motion (Rec. Doc. 96) is granted in part and denied in part.

Signed at Lafayette, Louisiana, this 30th day of November 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE