UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL J. DOMINGUE | CIVIL ACTION NO. 6:10-cv-00921 |
| VERSUS | JUDGE HANNA |
| CHEVRON U.S.A., INC. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Pending before the Court are the plaintiff's motion in limine (Rec. Doc. 97) seeking to preclude evidence concerning subsequent remedial measures, and Chevron's motion in limine (Rec. Doc. 111), seeking to preclude evidence concerning subsequent remedial measures, particularly Chevron's post-accident replacement of the lift bar with a swing gate and its painting of the accident ladder. Also pending is the issue of whether Chevron's Exhibit No. 30, which is comprised of videos depicting a ladder and lift bar configuration, may be presented at trial. This issue which was raised orally at the pretrial conference of November 16, 2012 and briefed thereafter.

For the reasons set forth during the pretrial conference of November 30, 2012, the plaintiff's motion (Rec. Doc. 97) is GRANTED IN PART and DENIED IN

PART, and the defendant's motion (Rec. Doc. 111) is GRANTED IN PART and DEFERRED IN PART, and the videos are EXCLUDED.

More particularly,

IT IS ORDERED that, under Rule 403 of the Federal Rules of Evidence, use of the videos designated as Chevron's Exhibit No. 30 at trial is EXCLUDED because they have the potential for misleading the jury. However, this issue may be revisited at trial, depending upon the testimony given, particularly that of the plaintiff's expert witness, Gregg Perkin.

IT IS FURTHER ORDERED that the plaintiff's motion (Rec. Doc. 97) is GRANTED to the extent it seeks to exclude from presentation at trial the "action points," "corrective actions," "key corrective actions," "lessons learned," and "key lessons learned" portions of the Wood Group Incident Analysis Report (variously described as Exhibit No. 1 to Rec. Doc. 116 and as Plaintiff's Exhibit No. 43), the Chevron Root Cause Analysis Report (variously described as Exhibit No. 2 to Rec. Doc. 116 and as Plaintiff's Exhibit No. 21), and the Chevron RCA Share Presentation (variously described as Exhibit No. 3 to Rec. Doc. 116 and as Plaintiff's Exhibit No. 22). The referenced portions of these documents will be redacted before the documents are used at trial.

IT IS FURTHER ORDERED that the plaintiff's motion (Rec. Doc. 97) is DENIED to the extent that it seeks to exclude evidence concerning the downgrading of Wood Group's safety rating following Mr. Domingue's accident, as this was not a subsequent remedial measure under Rule 407 of the Federal Rules of Evidence.

IT IS FURTHER ORDERED that the plaintiff's motion (Rec. Doc. 97) is GRANTED with regard to Chevron's Exhibit 28 concerning Wood Group and titled "pressurs points," and that document is EXCLUDED from presentation at trial.

IT IS FURTHER ORDERED that, in all other respects, the plaintiff's motion (Rec. Doc. 97) is DENIED.

IT IS ORDERED that Chevron's motion (Rec. Doc. 111) is GRANTED with regard to Chevron's post-accident painting of the ladder, as there is no evidence that the color of the ladder had anything to do with Mr. Domingue's accident.

IT IS FURTHER ORDERED that ruling on Chevron's motion (Rec. Doc. 111) to the extent that it seeks to exclude evidence concerning the replacement of the lift bar involved in Mr. Domingue's accident with a swing gate is DEFERRED in light of the contrary rulings from the Fifth Circuit in *Muzyka v. Remington Arms Co., Inc.*, 774 F.2d 1309 (5th Cir. 1985), and *Hardy v. Chemetron Corp.*, 870 F.2d 1007 (5th Cir. 1989), without prejudice to the defendant's right to reurge this aspect of the motion in the future if appropriate.  However,

IT IS FURTHER ORDERED that the plaintiff's counsel is precluded from mentioning during opening statements that the actual lift bar involved in Mr. Domingue's accident was replaced with a swing gate.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion the plaintiff's motion (Rec. Doc. 97) is GRANTED IN PART and DENIED IN PART, the defendant's motion (Rec. Doc. 111) is GRANTED IN PART and DEFERRED IN PART, and the defendant's Exhibit No. 30 is EXCLUDED.

Signed at Lafayette, Louisiana, this 30th day of November 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE